United States Bankruptcy Court

Middle District of Pennsylvania

In re:  Case No. 21-00181-RNO
Dawn Michele Mead  Chapter 13
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0314-5      User: AutoDocke      Page 1 of 2
Date Rcvd: Mar 08, 2021      Form ID: pdf002      Total Noticed: 29

The following symbols are used throughout this certificate:
**Symbol   Definition**

\+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

++      Addresses marked '++' were redirected to the recipient's preferred mailing address pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.P.2002(g)(4).

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 10, 2021:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Dawn Michele Mead, 621 1st Street, Richmondale, PA 18421-9610 |
| 5387611 | + | Car-Lotta Credit, 303 Wyoming Ave, Kingston, PA 18704-3502 |
| 5387615 | | Commonwealth Health, PO Box 637289, Cincinnati OH 45263-0877 |
| 5387616 | + | Credit Corp Solutions, Inc., PO Box 788, Kirkland, WA 98083-0788 |
| 5387617 | + | Financial Recoveries, 200 East Park Dr., Suite 100, PO Box 1388, Mt. Laurel, NJ 08054-7388 |
| 5387619 | | Geisinger, PO Box 27727, Newark NJ 07101-7727 |
| 5387618 | | Geisinger, 100 North Academy Ave, Danville PA 17822-3941 |
| 5387621 | + | Jordan Mead, 621 1st Street, Richmondale PA 18421-9610 |
| 5387622 | | Lakeview Loan Servicing, M&T Bank, PO Box 840, Buffalo, NY 14240-0840 |
| 5387624 | + | Mary Evans, 1931 Roosevelt Hwy., Honesdale, PA 18431-4213 |
| 5387628 | + | Rebecca Ann Solarz, Esquire, KML Law Group, P.C., 701 Market St., Suite 5000, Philadelphia, PA 19106-1541 |
| 5387630 | + | Robert Joseph Davidow, Esquire, Mason, Griffin & Pierson, PC, 101 Poor Farm Road, Princeton, NJ 08540-1941 |
| 5387631 | + | Robertson, Anschutz & Schneid, PL, 6409 Congress Avenue, Suite 100, Bocca Raton, FL 33487-2853 |

TOTAL: 13

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| cr | + | Email/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com | Mar 08 2021 19:01:50 | PRA Receivables Management, LLC, PO Box 41021, Norfolk, VA 23541-1021 |
| 5387608 | + | Email/Text: g20956@att.com | Mar 08 2021 18:44:00 | AT&T Mobility II, LLC, c/o AT&T Services, Inc., Karen Cavagnaro - lead paralegal, One AT&T Way, Rm.3A104, Bedminster NJ 07921-2693 |
| 5387609 | + | Email/PDF: Citi.BNC.Correspondence@citi.com | Mar 08 2021 19:02:16 | Best Buy, P.O. Box 6497, Sioux Falls, SD 57117-6497 |
| 5387610 | + | Email/PDF: AIS.cocard.ebn@americaninfosource.com | Mar 08 2021 19:02:04 | Capital One Best Buy, PO Box 30253, Salt Lake City UT 84130-0253 |
| 5387612 | + | Email/Text: bankruptcy@cavps.com | Mar 08 2021 18:44:00 | Cavalry Portfolio Svcs, 500 Summit Lake Dr, Ste 4A, Vallhalla, NY 10595-2323 |
| 5387613 | + | Email/Text: bankruptcy@cavps.com | Mar 08 2021 18:44:00 | Cavalry SPV 1, LLC, 500 Summit Lake Dr, Suite 400, Valhalla, NY 10595-2321 |
| 5388379 | + | Email/Text: bankruptcy@cavps.com | Mar 08 2021 18:44:00 | Cavalry SPV I, LLC, 500 Summit Lake Drive, Ste 400, Valhalla, NY 10595-2321 |
| 5387620 | | Email/Text: bnc-quantum@quantum3group.com | Mar 08 2021 18:44:00 | JH Portfolio Debt Equities LLC, PO Box 788, Kirkland, WA 98083-0788 |
| 5387614 | | Email/PDF: ais.chase.ebn@americaninfosource.com | Mar 08 2021 19:02:20 | Chase Bank USA, N.A., PO Box 15298, Wilmington DE 19850 |
| 5387623 | | Email/PDF: resurgentbknotifications@resurgent.com | Mar 08 2021 19:02:23 | LVNV Funding, LLC, Resurgent Capital Svcs, PO Box 10587, Greenville, SC 29603-0587 |
| 5390540 | | Email/PDF: resurgentbknotifications@resurgent.com | Mar 08 2021 19:01:51 | LVNV Funding, LLC, Resurgent Capital Services, |

| | | | | |
| --- | --- | --- | --- | --- |
| | | | | PO Box 10587, Greenville, SC 29603-0587 |
| 5387625 | + | Email/Text: ext_ebn_inbox@navyfederal.org | Mar 08 2021 18:44:59 | Navy Federal Credit Union, PO Box 3000, Merrifield VA 22119-3000 |
| 5387626 | | Email/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com | Mar 08 2021 19:02:06 | Portfolio Recovery Assoc. LLC, PO Box 12914, Norfolk, VA 23541 |
| 5387629 | + | Email/Text: Supportservices@receivablesperformance.com | Mar 08 2021 18:44:00 | Receivables Performance, 20816 44th Ave. West Suite 140, Lynwood, WA 98036-7744 |
| 5388174 | + | Email/PDF: gecsedi@recoverycorp.com | Mar 08 2021 19:02:18 | Synchrony Bank, c/o PRA Receivables Management, LLC, PO Box 41021, Norfolk, VA 23541-1021 |
| 5387632 | | Email/PDF: gecsedi@recoverycorp.com | Mar 08 2021 19:02:18 | Synchrony Bank, P.O. Box 965060, Orlando, FL 32896-5060 |

TOTAL: 16

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
| --- | --- | --- |
| 5387627 | *P++ | PORTFOLIO RECOVERY ASSOCIATES LLC, PO BOX 41067, NORFOLK VA 23541-1067, address filed with court:, Portfolio Recovery Assoc., LLC, PO Box 12914, Norfolk, VA 23541 |

TOTAL: 0 Undeliverable, 1 Duplicate, 0 Out of date forwarding address

## NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 10, 2021            Signature:        /s/Joseph Speetjens

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 8, 2021 at the address(es) listed below:

| Name | Email Address |
| --- | --- |
| Charles J DeHart, III (Trustee) | TWecf@pamd13trustee.com |
| John Fisher | on behalf of Debtor 1 Dawn Michele Mead johnvfisher@yahoo.com fisherlawoffice@yahoo.com |
| Rebecca Ann Solarz | on behalf of Creditor LAKEVIEW LOAN SERVICING LLC bkgroup@kmllawgroup.com |
| United States Trustee | ustpregion03.ha.ecf@usdoj.gov |

TOTAL: 4

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| IN RE:<br>**Dawn Michele Mead,**<br><br>Debtors | CHAPTER 13<br><br>CASE NO. **5:21-bk-00**<br><br>_X_ ORIGINAL PLAN<br>___ AMENDED PLAN (Indicate 1st, 2nd, 3rd, etc.)<br>_0_ Number of Motions to Avoid Liens<br>_0_ Number of Motions to Value Collateral |
|---|---|

### CHAPTER 13 PLAN

**NOTICES**

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☑ Included | ☐ Not Included |
|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☑ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☐ Included | ☑ Not Included |

**YOUR RIGHTS WILL BE AFFECTED**

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1. **PLAN FUNDING AND LENGTH OF PLAN.**

    A. **Plan Payments From Future Income**

    1. To date, the Debtor paid **$ 0** (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is **$ 75,405** plus other payments and property stated in § 1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 02/2021 | 04/2022 | $ 932 | N/A | $ 932 | $ 13,980 |
| 05/2022 | 01/2026 | $ 1,365 | N/A | $ 1,365 | $ 61,425 |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  | Total Payments: | $ 75,405 |

2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. CHECK ONE: (   ) Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

( X ) Debtor is over median income. Debtor estimates that a minimum of **$ 0** must be paid to allowed unsecured creditors in order to comply with the Means Test.

**B. Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is **$ 0**. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

  X   No assets will be liquidated. *If this line is checked, the rest of § 1.B need not be completed or reproduced.*

**2. SECURED CLAIMS.**

**A. Pre-Confirmation Distributions.** *Check one.*

  X   None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

2

B. **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one.*

___ None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

_X_ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| **Lakeview Loan Servicing (Claim No. 9)** | **Debtor's Residence at 621 1st Street, Richmondale, Lackawanna County, Pennsylvania** | 2730 |
| **Carlotta Credit** | **2011 Volkswagon Jetta** | 8522 |

C. **Arrears, including, but not limited to, claims secured by Debtor's principal residence.** *Check one.*

___ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

_X_ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed proof of claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| **Lakeview Loan Servicing** | **Debtor's Residence** | **$ 63,829.03** | **$ 0** | **$ 63,829.03** |

D. **Other secured claims (conduit payments, claims for which a § 506 valuation is not applicable, etc.)**

_X_ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

3

E. **Secured claims for which a § 506 valuation is applicable.** *Check one.*

  X   None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

F. **Surrender of Collateral.** *Check one.*

  X   None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

G. **Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

  X   None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

3. **PRIORITY CLAIMS.**

    A. **Administrative Claims**

       1. Trustee's Fees. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

       2. Attorney's fees. Complete only one of the following options:

          a. In addition to the retainer of **$ 0** already paid by the Debtor, the amount of **$4,000** in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

          b. $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

       3. Other.    Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*

           X   None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

    B. **Priority Claims (including certain Domestic Support Obligations).**

       Allowed unsecured claims, entitled to priority under § 1322(a) will be paid in full unless modified under § 9.

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |

4

C. **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines.*

   X  None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

4. UNSECURED CLAIMS

   A. **Claims of Unsecured Nonpriority Creditors Specially Classified.** *Check one of the following two lines.*

   X  None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

   B. **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES. *Check one of the following two lines.*

   X  None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

6. VESTING OF PROPERTY OF THE ESTATE.

   **Property of the estate will vest in the Debtor upon**

   *Check the applicable line:*

   X  plan confirmation.
   ___ entry of discharge.
   ___ closing of case:

7. **DISCHARGE: (Check one)**

   (X)  The debtor will seek a discharge pursuant to § 1328(a).
   ( )  The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

5

8. **ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:

| Level 1 | Adequate protection payments | $ -0- | |
|---|---|---|---|
| Level 2 | Debtor's attorney's fees. | $ 4,000 | |
| Level 3 | Domestic Support Obligations | $ -0- | |
| Level 4 | Priority claims, pro rata | $ -0- | |
| Level 5 | Secured claims, pro rata | $ 63,829.03 | |
| Level 6 | Specially classified unsecured claims | $ -0- | |
| Level 7 | General unsecured claims | $ 34.97 | |
| Level 8 | Untimely filed unsecured claims to which the debtor(s) has/have not objected. | $ -0- | |
| | Subtotal | | $ 67,864 |
| | Trustee Commission (Estimated at 10%) | $ 7,541 | |
| | Total | | $ 75,405 |

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.*

9. **NONSTANDARD PLAN PROVISIONS**

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

   A. This Plan contains 1) a table in Section 8, above, that provides estimated distributions to each class of claims, in addition to all other information required in Section 8; and 2) no signature line for a joint debtor as there is none.

Dated: <u>January 28, 2021</u>     <u>/s/ John Fisher</u>
                                    John Fisher, Esquire, Attorney for Debtor


                                    <u>/s/ Dawn Michelle Mead</u>
                                    **Dawn Michele Mead,** Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

6

Case 5:21-bk-00181-RNO    Doc 25    Filed 03/10/21    Entered 03/11/21 00:35:17    Desc
Imaged Certificate of Notice    Page 8 of 8